JUDGE SULLIVAN

Sean C. Sheely
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Email: sean.sheely@hklaw.com

-and-

Frank Morreale
Zachary R. Potter
HOLLAND & KNIGHT LLP
50 N. Laura St., Ste. 3900
Jacksonville, FL 32202
Tel: (904) 323-2000
Email: frank.morreale@hklaw.com
        zachary.potter@hklaw.com

Attorneys for Defendant, *CSX Transportation, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VEN-CO PRODUCE INC., ROBERT J. VENUTI, and ANGELA VENUTI, <br><br> Plaintiffs, <br><br> - against - <br><br> CSX TRANSPORTATION, INC., <br><br> Defendant. | No. 10 Civ. _____ ( ____ ) <br><br> **NOTICE OF REMOVAL** |

Defendant CSX Transportation, Inc. ("CSXT") hereby provides Notice of Removal ("Notice") pursuant to 28 U.S.C. §1441(a), and in support thereof states the following:

1.    On or about July 2, 2010, the above-captioned action was commenced in the Supreme Court of the State of New York, County of Bronx, Index No. 305439-2010 ("State Court Action"), and is now pending in such court.

2.    On August 26, 2010, CSXT was served with a Summons with Notice in the State Court Action by certified mail to Corporate Creations Network Inc., a registered agent for service of process for CSXT.

3.    A copy of the Summons with Notice is attached hereto as Exhibit A, and constitutes all process, pleadings, and orders served upon CSXT in the State Court Action.

4.    The United States District Court for the Southern District of New York embraces the place where the State Court Action is pending.

5.    This Notice is filed with this Court within thirty (30) days after service on CSXT of the Summons with Notice. *See, e.g., Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001) ("summons with notice may serve as an initial pleading under section 1446(b)").

6.    As set forth in more detail below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

7.    At the time the Summons with Notice was filed in the State Court Action, Plaintiff Ven-Co Produce Inc. was, and still is, a corporation organized and existing under the laws of the State of New York with its principal place of business in Bronx, New York.

8.    At the time the Summons with Notice was filed in the State Court Action, Plaintiff Robert J. Venuti's state of citizenship was, and still is, New York, and he maintained, and still maintains, his residence in New York at 15 Stratton Road, Purchase, New York 10577.

9.      At the time the Summons with Notice was filed in the State Court Action, Plaintiff Angela Venuti's state of citizenship was, and still is, New York, and she maintained, and still maintains, her residence in New York at 15 Stratton Road, Purchase, New York 10577.

10.      The Summons with Notice states that the basis of venue is designated as "Residence of one plaintiff" without identifying that plaintiff, and a plaintiff's residence is designated as "429-433 NYC Terminal Market County of Bronx."

11.      At the time the Summons with Notice was filed in the State Court Action, CSXT was, and still is, a corporation organized and existing under the laws of Virginia with its principal place of business at 500 Water Street, Jacksonville, Florida 32202.

12.      The amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of $75,000.  More specifically, the Summons with Notice states that the relief sought by Plaintiffs is compensatory damages in the amount of $10,000,000 and exemplary damages.

13.      Based upon the foregoing, this Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446(a).

14.      On the date set forth below, CSXT, upon filing of this Notice in the Office of the Clerk of the United States District Court for the Southern District of New York, will, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx, and will serve a copy of the same upon Plaintiffs.

15.      By filing this Notice of Removal, CSXT does not waive any, and expressly reserves all, defenses and counterclaims.

WHEREFORE, CSXT requests that this action be removed from the Supreme Court of the State of New York, County of Bronx to this Court.

Dated: September 14, 2010
      New York, New York

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
    Sean C. Sheely
    HOLLAND & KNIGHT LLP
    31 West 52nd Street
    New York, NY 10019
    Tel: (212) 513-3200
    Email: sean.sheely@hklaw.com

    Frank Morreale
    Zachary R. Potter
    HOLLAND & KNIGHT LLP
    50 N. Laura St., Suite 3900
    Jacksonville, FL 32202
    Tel: (904) 323-2000
    Email: frank.morreale@hklaw.com
          zachary.potter@hklaw.com

    Attorneys for Defendant,
    *CSX Transportation, Inc.*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index = 305 439 -2010

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Index No.

VEN-CO PRODUCE INC., ROBERT J.
VENUTI, and ANGELA VENUTI

                      Plaintiffs,

    - against -

CSX TRANSPORTATION, INC.,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SUMMONS WITH NOTICE**
Action Not Based Upon A Consumer
Credit Transaction.

Plaintiff's residence:
  #429-433 NYC Terminal Market
County of Bronx

The basis of the venue designated is:
Residence of one plaintiff

To the above named defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not served with this
summons, to serve a notice of appearance on the Plaintiffs' Attorneys within 20
days after the service of this summons, exclusive of the day of service (or within
30 days after the service is complete if this summon is not personally delivered to
you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in
the complaint or this notice.

Dated: July 1, 2010

Defendant's Address:
CSX Transportation, Inc.
500 Water Street, J150
Jacksonville, FL 32202

MORGENSTERN & BLUE, LLC

By:_____
    Raymond A. Bragar, Of Counsel
Attorneys for Plaintiffs
Office and Post Office Address:
885 Third Avenue,
New York, New York 10022
(212) 750-6776

NOTICE:
The nature of this action is defamation arising from a slanderous telephone call
by defendant's employee, Susan Walsh on July 6, 2009 to Ryan Bybee of an
Idaho potato shipper, GPOD of Idaho ("GPOD"). In the that telephone call, Ms.
Walsh falsely told Mr. Bybee that plaintiff Ven-Co Produce Inc. ("Ven-Co") did
not have credit with defendant and that, as a result, if GPOD shipped a CSX rail
car of potatoes to Ven-Co the potatoes would spoil. As a result GPOD changed
its business terms with Ven-Co to all cash and then refused to do business with

Ven-Co absent advance payment. CSX's statement to GPOD that Ven-Co lacked credit was false. Ven-Co did, in fact, have credit with CSX at that time. CSX's slander went directly to Ven-Co's ability to do business, and, thus was slanderous per se. As plaintiffs Robert and Angela Venuti are the sole principals of Ven-Co, their reputations were also slandered by CSX's false statement that their business lacked credit with CSX, when it, in fact, had credit.

The relief sought is compensatory damages in the amount of $10,000,000 and exemplary damages.

Upon your failure to appear, judgment will be taken against you by default for the sum of $10,000,000 with interest from July 6, 2010 and costs of this action.

Bronx County Clerks Office
851 Grand Concourse
Bronx, NY 10451

Department:        LAW
Transaction No    1540031
Plaintiff          VEN-CO PRODUCT
Defendant          U.D. TRANSPORT
Index#             266456 2010
Type               CV

Payment Date        $100.00
Payment Rec'd       $100.00
Balance Due         $0.00

Additional Information
User                6/4/2021
Time                Other 750

 **CORPORATE CREATIONS**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

August 27, 2010

CSX Transportation, Inc.
Jennifer Wiggins Paralegal
CSX Corporation
500 Water Street, C160
JACKSONVILLE   FL  32202

 

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

Item: 2010-45

| | | |
|---|---|---|
| 1. | **Client Entity:** | CSX Transportation, Inc. |
| 2. | **Title of Action:** | Ven-Co Produce, Inc. vs. CSX Transportation, Inc. |
| 3. | **Document(s) Served:** | Summons without Notice |
| 4. | **Court/Agency:** | Bronx County Supreme Court |
| 5. | **State Served:** | New York |
| 6. | **Case Number:** | 305 439-2010 |
| 7. | **Case Type:** | |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Thursday  8/26/2010 |
| 10. | **Date to Client:** | Friday  8/27/2010 |
| 11. | **# Days When Answer Due:** 20 **Answer Due Date:** 09/15/10 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | **SOP Sender:** (Name, City and Phone Number) | Raymond A. Bragar New York, NY 212-750-6776 |
| 13. | **Shipped By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Notes:** | None. |

This notice is provided for general information purposes only and should not be considered a legal opinion. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. It is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.