Sean C. Sheely
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3200
Email: sean.sheely@hklaw.com

and

Frank Morreale
Zachary R. Potter
HOLLAND & KNIGHT LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
(904) 353-2000
Email: frank.morreale@hklaw.com
       zachary.potter@hklaw.com

Attorneys for Defendant,
*CSX Transportation, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VEN-CO PRODUCE INC.,<br><br>    Plaintiff,<br><br>- against -<br><br>CSX TRANSPORTATION, INC.,<br><br>    Defendant. | No. 10 Civ. 6904 (RJS)<br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES TO COMPLAINT** |

Defendant, CSX Transportation, Inc. (hereinafter "CSXT"), by and through its undersigned counsel, hereby responds to the Complaint of Ven-Co Produce Inc. ("Plaintiff"), *in seriatim*, as follows:

1. Admitted that subject matter jurisdiction exists, but denied that Plaintiff is entitled to any damages or other relief.

2. Denied, except admitted that this action may be brought in the United States District Court for the Southern District of New York, and further states that the interests of justice and judicial economy support transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1404(a), where an action between the same two parties is pending based upon a mandatory forum clause of credit agreements signed by Plaintiff in 2007 and 2009. *See CSX Transportation, Inc. v. Ven-Co Produce, Inc.*, Case No. 3:10-cv-808-MMH-MCR.

3. Denied.

4. Denied, except admitted that Plaintiff is a New York corporation that previously maintained a principal place of business in Bronx, New York.

5. Denied, except admitted that CSXT is a Class I railroad, is a Virginia corporation, and has its principal place of business and headquarters in Jacksonville, Florida.

6. CSXT is without knowledge as to the allegations of this paragraph, and they are therefore denied.

7. Denied.

8. Denied.

9. CSXT is without knowledge as to the allegations of this paragraph, and they are therefore denied.

10. CSXT is without knowledge as to the allegations of this paragraph, and they are therefore denied.

11. Denied.

12. Denied.

13. Denied.

14. CSXT is without knowledge as to the allegations of this paragraph, and they are therefore denied.

15. Denied.

16. Denied.

17. CSXT asserts and realleges its responses to the paragraphs incorporated into this paragraph as if fully set forth herein.

18. The allegations of this paragraph set forth legal argument and conclusions to which no response is required, and they are therefore denied, except CSXT admits that Susan Walsh is an employee.

19. Denied.

20. Denied.

21. Denied.

22. CSXT asserts and realleges its responses to the paragraphs incorporated into this paragraph as if fully set forth herein.

23. CSXT is without knowledge as to the allegations of this paragraph, and they are therefore denied.

24. Denied.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

27. For its First Affirmative Defense, CSXT asserts that the Complaint fails to state a valid cause of action, as set forth in CSXT's Motion to Dismiss [D.E. 14 & D.E. 15].

28. For its Second Affirmative Defense, CSXT asserts that Plaintiff's claims are barred by Plaintiff's unclean hands by agreeing in June 2009 to make past due payments on a monthly basis to CSXT in order to induce CSXT to provide credit to Plaintiff when Plaintiff had no intention of making all such monthly payments.

29. For its Third Affirmative Defense, CSXT asserts that any damages recovered by Plaintiff, which damages are specifically denied, should be set off against damages suffered by CSXT as a result of Plaintiff's admitted breach of a June 29, 2009 promissory note and failure to pay CSXT for freight charges, as alleged in CSXT's complaint filed in the United States District Court for the Middle District of Florida, Case No. 3:10-cv-808-MMH-MCR.

30. For its Fourth Affirmative Defense, CSXT asserts that, as to Count I (Slander), Plaintiff's claim is barred because the alleged statement has no defamatory meaning.

31. For its Fifth Affirmative Defense, CSXT asserts that, as to Count I (Slander), Plaintiff's claim is barred because the "gist" or "sting" of the factual statement about which Plaintiff complains are the same as the truth or substantial truth.

32. For its Sixth Affirmative Defense, CSXT asserts that, as to Count I (Slander), Plaintiff's claim is barred because any publication was protected by a qualified privilege as a statement made without malice to another with whom CSXT shared an interest in the subject matter of the statement. CSXT did not make the statement about which Plaintiff complains with ill will, knowledge of falsity, or while entertaining serious doubts about its truth.

33.     For its Seventh Affirmative Defense, CSXT asserts that, as to Count I (Slander), Plaintiff's reputation was so tarnished that Plaintiff could not be further injured by the statement made solely to GPOD of Idaho ("GPOD") about which Plaintiff complains, and little or no further harm to Plaintiff's already low reputation could be caused because Plaintiff's reputation was not capable of sustaining further harm.

34.     For its Eighth Affirmative Defense, CSXT asserts that, as to Count II (Tortious Interference with Prospective Economic Advantage), Plaintiff's claim is barred because CSXT was not a stranger to the alleged prospective economic advantage.

35.     For its Ninth Affirmative Defense, CSXT asserts that, as to Count II (Tortious Interference with Prospective Economic Advantage), Plaintiff's claim is barred because CSXT was privileged to interfere because it had an economic interest in the relationship and/or it was the source of the business opportunity.

36.     For its Tenth Affirmative Defense, CSXT asserts that Plaintiff is estopped to complain about the alleged interference in its business because CSXT's communications with GPOD about Plaintiff were invited by Plaintiff when CSXT was asked to offer a special credit arrangement to Plaintiff in late 2006.

37.     For its Eleventh Affirmative Defense, CSXT asserts that Plaintiff waived any right to complain about CSXT communicating with GPOD about Plaintiff by nature of the special credit arrangement among CSXT, GPOD and Plaintiff that arose after Union Pacific Railroad was no longer willing to offer Plaintiff credit.

38.     For its Twelfth Affirmative Defense, CSXT asserts that Plaintiff provided its consent for CSXT to communicate with GPOD about Plaintiff by nature of the special credit

arrangement among CSXT, GPOD and Plaintiff that arose after Union Pacific Railroad was no longer willing to offer Plaintiff credit.

39. For its Thirteenth Affirmative Defense, CSXT asserts that in the event that Plaintiff has suffered any damages, which damages are specifically denied, said damages were the result of actions undertaken by persons other than and not affiliated with CSXT including, without limitation, Plaintiff and its officers.

40. For its Fourteenth Affirmative Defense, CSXT asserts that Plaintiff has failed to mitigate its damages, if any.

41. For its Fifteenth Affirmative Defense, CSXT asserts that Plaintiff cannot prove it suffered damages because, among other reasons, CSXT did not cause Plaintiff any damages.

42. For its Sixteenth Affirmative Defense, CSXT asserts that Plaintiff cannot prove that any statement made or actions taken by CSXT were the cause of Plaintiff's decision to close its business in 2010.

43. For its Seventeenth Affirmative Defense, CSXT asserts that Plaintiff's claims are barred by the doctrine of laches because the alleged tortious events occurred in July 2009, Plaintiff was aware of them in July 2009, Plaintiff continued to receive the benefits of conducting business with CSXT after July 2009 and Plaintiff did not serve CSXT with the Complaint until October 2010.

44. For its Eighteenth Affirmative Defense, CSXT asserts that the statement about which Plaintiff complains is fully protected by the First Amendment to the United States Constitution, and by Article I, Section 4 of the Florida Constitution or by Article 1, Section 8 of the New York Constitution.

45.     CSXT reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate they are proper.

Dated: Jacksonville, Florida
       December 6, 2010

                                  Respectfully submitted,

                                  HOLLAND & KNIGHT LLP

By:   /s/ Frank Morreale
       Frank Morreale
       Zachary R. Potter
       HOLLAND & KNIGHT LLP
       50 North Laura Street, Suite 3900
       Jacksonville, Florida  32202
       Tel: (904) 323-2000
       Fax: (904) 358-1872
       Email: frank.morreale@hklaw.com
              zachary.potter@hklaw.com

and

Sean C. Sheely
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
(212) 513-3200
Email: sean.sheely@hklaw.com

Attorneys for Defendant,
*CSX Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on Mon, Dec 6, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Raymond A. Bragar at bragar@bragarwexler.com.

By:     /s/ Frank Morreale

Frank Morreale

#9937318_v1